IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
C. W., a minor, who sues by )
and through Mary Amanda    )
Weed, her mother and next  )
friend; and MARY AMANDA    )
WEED, individually,        )
                           )
    Plaintiffs,            )
                           )   CIVIL ACTION NO.
    v.                     )     3:13cv139-MHT
                           )         (WO)
CHRISTY LINDSAY,           )
                           )
    Defendant.             )
```

OPINION

This is a dog-bite case. Plaintiff Mary Amanda Weed, on behalf of herself and her 11-year-old daughter, has sued defendant Christy Lindsay. The jurisdiction of the court has been invoked pursuant to 28 U.S.C. § 1332 (diversity of citizenship). This matter is before the court on the parties' motion to approve their settlement to the extent it is between Weed's daughter and Lindsay. The motion will be granted.

During an Easter Egg Hunt in 2012 at her parents home, Weed's daughter C.W. was bitten on the face by a dog owned by Lindsay.  C.W. and her mother then brought this lawsuit claiming that the bite resulted from Lindsay's negligence and wantonness, namely that Lindsay had notice of dangerous propensities in the dog and that she did not exercise reasonable care to prevent the dog from biting someone.  Lindsay denies that she had notice of any dangerous propensity and that she acted negligently or wantonly in any way.  The parties later notified the court of a settlement of C.W.'s and her mother's claims against Lindsay, and the court appointed Karen Laneaux to be guardian ad litem for C.W.

Alabama law requires that a court hold a fairness hearing before a minor plaintiff's case may be settled. Largo v. Hayes By and Through Nesbitt, 534 So.2d 1101, 1105 (Ala. 1988). This is a rule of substantive law, which must be applied by federal courts sitting in diversity.  Burke v. Smith, 252 F.3d 1260, 1266 (11th

Cir. 2001). In order for the settlement to be binding on the minor, the hearing must involve "'examination or investigation into the facts.'" <u>Abernathy v. Colbert Cnty. Hosp. Bd.</u>, 388 So. 2d 1207, 1209 (Ala. 1980) (quoting 42 Am.Jur.2d Infants § 47 (1978)).

The court, therefore, conducted an on-the-record fairness hearing to determine whether to approve the settlement agreement between C.W. and Lindsay. In attendance were C.W.'s guardian ad litem, C.W. and Weed's counsel, and Lindsay's counsel. The court has reviewed the pleadings in this case, heard in open court a detailed oral explanation of the positions of all parties, and is sufficiently familiar with the background surrounding this action, including the nature of the claims of liability and the various defenses raised by Lindsay. The court finds that there are factual questions surrounding liability and the appropriate amount of damages, so as to create substantial issues as to whether C.W. and her mother are entitled to recover

against Lindsay for the dog bite.  The court also credits testimony from Weed that she believed the settlement is fair and in C.W.'s best interests.  The guardian ad litem has further represented that the settlement is fair and in C.W.'s best interests.

Based on the above evidence and representations, the court further finds, and holds, that the terms and provisions of this settlement are understood and agreed to by Weed and Lindsay, that they are fair, just, and reasonable under the circumstances involved in this case, and that they are in the best interests of C.W.  The court will grant the parties' motion to approve the settlement to the extent it is between C.W. and Lindsay.

An appropriate judgment will be entered.

DONE, this the 15th day of April, 2014.

                                  /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE